**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

TAPLAN GABRIELLE ARDIS,

        Plaintiff,

v.                                                              Case No. 6:20-cv-2084-JRK

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social
Security,

        Defendant.
_____/

## **OPINION AND ORDER**[2]

### I.   Status

Taplan Gabrielle Ardis ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of Ehlers Danlos Syndrome,[3] a back injury, arthritis, bipolar disorder,

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 19), filed April 13, 2021; Reference Order (Doc. No. 22), entered April 21, 2021.

[3] Ehlers Danlos Syndrome "is a disease that weakens the connective tissues of [the] body" and can make a person's joints loose, cause thin skin, and can weaken blood vessels and organs. What Is Ehlers-Danlos Syndrome, located at https://www.webmd.com/a-to-z-guides/ehlers-danlos-syndrome-facts#1 (last visited March 18, 2022).

and anxiety. See Transcript of Administrative Proceedings (Doc. No. 20; "Tr." or "administrative transcript"), filed April 13, 2021, at 58-59, 76, 209.

On November 1, 2017, Plaintiff filed an application for DIB, alleging a disability onset date of July 17, 2015. Tr. at 178-84.[4] The application was denied initially, Tr. at 57, 58-73, 96-98, 99, and upon reconsideration, Tr. at 74, 75-95, 103, 104-09.

On March 12, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 34-56. At the time of the hearing, Plaintiff was 28 years old. Tr. at 38. On March 24, 2020, the ALJ issued a Decision finding Plaintiff not disabled through June 30, 2019, the date Plaintiff was last insured for DIB (the "DLI"). See Tr. at 15-25.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council, see Tr. at 174-76, and submitted additional evidence in the form of a brief authored by Plaintiff's counsel, Tr. at 4-5 (Appeals Council Order and exhibit list), 346-48 (brief). On September 28, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On November 11, 2020, Plaintiff commenced this

---

[4]   Although actually completed on November 1, 2017, see Tr. at 178, the protective filing date of the DIB application is listed elsewhere in the administrative transcript as October 31, 2017, see, e.g., Tr. at 58, 76.

2

action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes two arguments: 1) the ALJ failed to apply the correct legal standards to the opinion of treating physician Anri Brits, M.D.; and 2) the ALJ failed to apply the correct legal standards in evaluating Plaintiff's migraine headaches and resulting limitations. Joint Memorandum (Doc. No. 24; "Joint Memo"), filed July 15, 2021, at 10, 19. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the effects of Plaintiff's migraine headaches and resulting limitations.

On remand, reevaluation of this matter may impact the Administration's consideration of Dr. Brits' opinion, which was based in part on Plaintiff's migraine headaches. For this reason, the Court need not address Plaintiff's argument in this regard. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 17-25. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of July 17, 2015 through her [DLI] of June 30, 2019." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that through the DLI, Plaintiff "had the following severe

---

[5]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

impairments: Ehlers Danlos syndrome (EDS), postural orthostatic tachycardia syndrome (POTS), degenerative disc disease, and obesity." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ found that through the DLI, Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the following residual functional capacity ("RFC") through the DLI:

> [Plaintiff could] perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except [Plaintiff] could never climb ladders, ropes, or scaffolds and could only occasionally climb ramps and stairs. [Plaintiff] could occasionally balance, stoop, kneel, crouch, and crawl. [Plaintiff] could have frequent exposure to extreme heat and humidity. [Plaintiff] could have occasional exposure to loud noise. [Plaintiff] could have no use of moving machinery or exposure to unprotected heights.

Tr. at 20 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "has no past relevant work" despite previously working as a "Receptionist," a "Customer service rep." and a "Cashier II," because these jobs did not constitute "substantial gainful activity." Tr. at 24 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("27 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC,

the ALJ again relied on the VE's testimony and found that through the DLI, "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," Tr. at 24, such as a "Document preparer," a "Charge account clerk," and a "Food and beverage order clerk," Tr. at 25 (some emphasis and citation omitted). The ALJ concluded Plaintiff "was not under a disability . . . from July 17, 2015, . . . through the [DLI]." Tr. at 25 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court

to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff argues the ALJ erred at step two in finding that Plaintiff's migraine headaches and resulting limitations were not severe because the ALJ "overlooked significant evidence that supported a finding that [Plaintiff's] migraine headaches were a severe impairment." Joint Memo at 20. Moreover, Plaintiff contends the error was not remedied at later steps in the sequential inquiry because even though the ALJ addressed Plaintiff's migraines in assessing the RFC, the ALJ failed to account for documented limitations associated with them. Id. at 22. Responding, Defendant asserts that because the ALJ considered the migraine headaches and accounted for them in determining the RFC, the ALJ did not reversibly err regardless of whether he overlooked certain evidence pertaining to the migraines. Id. at 23-27.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R.

7

§ 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141; Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52. "The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 902 (11th Cir. 2011) (unpublished).

Any error in identifying severe impairments at step two is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." Burgin, 420 F. App'x at 903 (citation omitted); see Schink, 935 F.3d at 1268 (a step two error "could be harmless if the ALJ nevertheless proceeded in the sequential evaluation, duly considered [the claimant's] mental impairment when assessing his RFC, and reached

9

conclusions about [the claimant's] mental capacities supported by substantial evidence"); Heatly, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ—despite recognizing Plaintiff's testimony that she has approximately 20 migraines per month—determined at step two that Plaintiff's

10

migraines are not severe. Tr. at 18; see Tr. at 49 (Plaintiff testifying to having "20 migraine days" per month and migraines are sensitive to light, speaking, hearing, and cause vomiting). In support of this finding, the ALJ wrote that "treatment records show that while [Plaintiff] does have some migraines, they are treated with Imitrex and occur one per month or less." Tr. at 18 (citations omitted). The ALJ also stated that Plaintiff's "concentration was generally within normal limits." Tr. at 18.

The ALJ's findings regarding the frequency and severity of Plaintiff's migraines are not supported by substantial evidence. One of the medical records cited by the ALJ in support of the finding that the migraines occur once per month or less actually says they occur "4-5 times/week" and "Imitrex autoinjectors . . . [d]id not help." Tr. at 656; see Tr. at 18 (citing, among others, "14F/5" which is the medical record located at Tr. at 656-61). Even more importantly, the ALJ overlooked later medical records (still dated prior to the DLI of June 30, 2019) that document "three episodes of migraines per month [with] each episode of migraine last[ing] a week" and Plaintiff having "tried several different medications" with nothing helping. Tr. at 2641-43; see also Tr. at 2551-55. Documented symptoms in the overlooked medical records include associated "nausea and vomiting," Tr. at 2551, as well as "photophobia" and "phonophobia," Tr. at 2643. Substantial evidence does not support the ALJ's findings that Plaintiff's migraines are not severe, i.e., that they do not cause

11

even a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady, 724 F.2d at 920.

Although an error at step two can be remedied at later steps when an ALJ considers impairments in their combination, see, e.g., Schink, 935 F.3d at 1268, it was not sufficiently remedied here. In evaluating Plaintiff's claim at later steps, the ALJ specifically addressed Plaintiff's migraines, but under the faulty premise that they occur once per month or less, do not have any other associated symptoms, and are treatable with Imitrex. See Tr. at 18, 23. The ALJ stated that the limitation in the RFC "to occasional exposure to loud noise" and the restriction "from hazards" was to account for the migraine headaches (and cannabis use for medical purposes). Tr. at 23. While these limitations certainly relate to migraine headaches, without recognizing the real extent of the frequency and severity of them, the ALJ erred and the RFC is not supported by substantial evidence. Reversal and remand for reconsideration of the RFC is required.

## V.  Conclusion

In light of the foregoing, it is

**ORDERED**:

1.  The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final

decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the effects of Plaintiff's migraines on her RFC;

(B) If appropriate, address the other issue raised by Plaintiff in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Standing Order on Management of Social Security Cases entered on December 7, 2021 in Case No. 3:21-mc-001-TJC (Doc. No. 43, ¶¶ 6, 8).

**DONE AND ORDERED** in Jacksonville, Florida on March 18, 2022.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record

13